IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY MANN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT GILMORE, et al. | : | NO. 15-4591 |

ORDER

AND NOW, this 19th day of September, 2016, upon consideration of petitioner Gary Mann's petition for writ of habeas corpus (docket entry # 1), the Report and Recommendation ("R & R") from the Honorable Elizabeth T. Hey (docket entry # 15), petitioner's objections thereto (docket entry # 19), and the Government's response to petitioner's objections (docket entry # 22), and the Court finding that:

(a) Mann filed a pro se petition for habeas relief on August, 8, 2015, over ten years after filing his first petition under the Post-Conviction Collateral Relief Act, 42 Pa.C.S. §§ 9541, et seq. ("PCRA");

(b) As detailed in Judge Hey's R & R, Mann timely filed his first PCRA petition on August 25, 2004, after 274 days of the one-year limitations period for any prospective habeas petition had run;[1]

(c) The Pennsylvania Supreme Court denied his final petition for allowance of appeal on November 4, 2009, meaning that, while his one-year period for filing a habeas petition was tolled between 2004 and 2009, see 28 U.S.C. § 2254(d)(2), petitioner needed to file his habeas petition by February 3, 2010 in order for it to be timely under AEDPA;

(d) Mann's petition, filed in August of 2015, is therefore untimely;

---

[1] The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA) provides this one year limitation.  See 28 U.S.C. § 2254(d).

   (e) Mann does not qualify for equitable tolling, as he has failed to show that he has pursuing his rights diligently as required by the Supreme Court in <u>Holland v. Florida</u>, 560 U.S. 631, 645-46 (2010);

   (f) Moreover, Mann does not qualify for the Fundamental Miscarriage of Justice Exemption, as he has not made the requisite showing of actual innocence, see <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924 (May 28, 2013) (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995));

   (g) Finally, Mann's argument, presented for the first time in his objections, that his claims were entitled to review under <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), is erroneous since that case applied to situations where attorney error caused procedural default in initial-review collateral proceedings, and is thus inapplicable to cases, such as this one, where Mann has filed his petitions in state and federal court <u>pro</u> <u>se</u>;[2]

   (h) Since Mann's untimely petition cannot be excused, we will adopt Judge Hey's R & R and dismiss his petition with prejudice.

---

[2] Mann's only counsel in his post-conviction proceedings seemed to be Court appointed counsel in his first PCRA petition, which was dismissed without a hearing. See <u>Commonwealth v. Mann</u>, C.P. No. 9909-0478 (Phila. C.C.P. Mar. 21, 2006. This counsel was appointed after Mann had initiated his proceedings, and thus <u>Martinez</u> would not apply.

It is hereby ORDERED that:

1. Magistrate Elizabeth T. Hey's Report and Recommendation is APPROVED and ADOPTED;

2. Mann's petition for writ of <u>habeas</u> <u>corpus</u> is DISMISSED WITH PREJUDICE;

3. We DECLINE to issue a certificate of appealability;[3] and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.

---

[3] A certificate of appealability should issue only when reasonable jurists could disagree with our ruling, see <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), and that is not the case here.